Walls v. Pierce County Jail et al
Case 3:07-cv-05153-RJB-JKA   Document 8   Filed 04/12/2007   Page 1 of 2
Doc. 8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HILLARY WALLS,

    Plaintiff,

  v.

PIERCE COUNTY JAIL *et al.*,

    Defendants.

Case No. C07-5153RJB

ORDER TO AMEND THE COMPLAINT

This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff has been given leave to proceed *in forma pauperis.* Plaintiff's proposed complaint identifies seven defendants:

1. Pierce County Jail
2. Chief of Corrections
3. Medical Director
4. John Doe 1 through 5
5. Jane Doe 1 through 5
6. Vince Goldsmith
7. Mary Smult.

Other than being named on the first page of the complaint there is no indication who Vince Goldsmith or Mary Smult are, or how they acted. The court cannot serve John or Jane Does and plaintiff will need to file an amended complaint that specifically connects named defendants with the alleged violation of plaintiff's Constitutional rights.

The Court, having reviewed plaintiff's complaint, and the balance of the record contained herein, does hereby find and ORDER as follows:

(l) The Court declines to order that plaintiff's complaint be served on defendants until he

ORDER PAGE 1

corrects the deficiencies identified below:

(a) In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

In addition, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).

(b). The amended complaint needs to contain short, concise factual allegations.  The factual allegations must contain enough information for the court and the defendants to identify what specific conduct or event is at issue and who the defendants are relative to that conduct or event. Plaintiff is **ORDERED** to file an amended complaint.  The amended complaint will act as a complete substitute for the original and must be received on or before **May 18, 2007** or the court will enter a Report and Recommendation that this action be dismissed.

(2)     The Clerk is directed to send a copy of this Order to plaintiff**, and note the due date for the amended complaint as May 18, 2007.**

DATED this 12 day of April, 2007.

> */S/ J. Kelley Arnold*
> J. Kelley Arnold
> United States Magistrate Judge

ORDER PAGE 2