UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HILLARY WALLS,

    Plaintiff,

v.

PIERCE COUNTY JAIL, *et al.*,

    Defendants.

Case No. C07-5153RJB

**ORDER ADOPTING THE REPORT AND RECOMMENDATION**

This case comes before the Court on U.S. Magistrate Judge J. Kelley Arnold's Report and Recommendation. Dkt. 91. The Court has considered the relevant documents and the remainder of the file herein.

## I.     <u>FACTS</u>

Pro se Plaintiff, Hillary Walls, brought this civil rights action pursuant to 42 U.S.C. § 1983. Dkt. 15. Plaintiff alleges that in while he was incarcerated in the Peirce County Jail, the staff nurses would come to his housing unit and read sensitive medical information aloud. Dkt. 58, at 2. He additionally alleges that the staff nurses would ask embarrassing questions regarding Plaintiff's medical history in front of guards and other inmates. *Id*. Plaintiff claims that Defendants failed to investigate his grievances and complaints about the sharing of his medical information. *Id*. Plaintiff claims that Defendants engaged in a conspiracy to cover up staff actions in this regard. *Id*. Plaintiff

ORDER - 1

claims his Health Insurance Portability and Accountability Act ("HIPAA") and Fourteenth Amendment rights were violated. *Id*. at 3-6. Plaintiff seeks monetary damages. *Id*. at 7.

The Report and Recommendation recommends that Defendants' Motion for Summary Judgment be granted. Dkt. 91. Plaintiff argued, in his Objections, that right after he filed his Second Amended Complaint, Defendants filed their Motion for Summary Judgment. Dkt. 92. Plaintiff argues that he has not had a chance to conduct discovery pursuant to the claims made in the Second Amended Complaint. *Id*. He argues that if he was permitted to conduct discovery, the newly named Defendants would support his claims "90% of the time." *Id*. at 2. He argues that he could then carry his burden under Fed. R. Civ. P. 56. *Id*.

Defendants filed a Response to Plaintiff's Objections. Dkt. 93. They argue that Plaintiff has conducted significant discovery in this lawsuit. *Id*. Defendants note that the discovery deadline, set for March 14, 2008, has now passed. *Id*. Defendants urge the Court to Adopt the Report and Recommendation. *Id*.

## II.  DISCUSSION

### A.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."); *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477

ORDER - 2

U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### A. MOTION TO CONDUCT FURTHER DISCOVERY

To the extent that Plaintiff moves to continue the Motion for Summary Judgment so that he can conduct additional discovery in his Objections (Dkt. 92), his motion should be denied. Pursuant to Fed. R. Civ. P. 56(f), "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may. . . order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken." "A party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and County of San Fransico,* 441 F.3d 1090, 1100 (9th Cir. 2006).

Plaintiff has failed to specify any reason for a continuance. Plaintiff has not identified specific facts that further discovery would reveal, much less explained "why those facts would preclude summary judgment." *Tatum* at 1100. Defendants' Motion for Summary Judgment was filed on February 6, 2008. Dkt. 78. Plaintiff's original complaint was filed on April 12, 2007 (Dkt. 7), and his Second Amended Complaint was filed on December 14, 2007. Dkt. 58. Plaintiff has not shown

ORDER - 3

that additional discovery is warranted. To the extent Plaintiff seeks a continuance for further discovery, his motion should be denied.

### B. FOURTEENTH AMENDMENT AND QUALIFIED IMMUNITY

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The immunity is "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

"A private right of action exists against police officers who, acting under the color of state law, violate federal constitutional or statutory rights." *Jackson v. City of Bremerton*, 268 F.3d 646, 650 (9th Cir. 2001) *citing* 42 U.S.C. § 1983. "The Supreme Court has established a two-part analysis for determining whether qualified immunity is appropriate in a suit against an officer for an alleged violation of a constitutional right." *Boyd v. Benton County*, 374 F.3d 773, 778 (9th Cir. 2004) (*citing Saucier v. Katz*, 533 U.S. 194, 201 (2001)). A court required to rule upon qualified immunity must examine (1) whether the officers violated the plaintiff's constitutional rights on the facts alleged and (2) if there was a violation, whether the constitutional rights were clearly established. *Id.* (internal citations omitted). As to the first inquiry, where "no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier* at 201. As to the second inquiry, "[i]f the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Id.* at 202. The test announced in *Saucier* applies to state and county employees working in correctional institutions. *See Prison Legal News v. Lehman*, 397 F.3d 692 (9th Cir. 2005); *Lolli v. County of Orange,* 351 F.3d 410 (9th Cir. 2003).

The undersigned notes that neither party cites U.S. Supreme Court or Ninth Circuit Court of Appeals case law discussing whether a prisoner has a constitutionally protected interest in his medical information, or the parameters of that constitutional protection, if any. Accordingly, even if Plaintiff's constitutional rights were violated, Defendants would be entitled to qualified immunity on

ORDER - 4

1 the Fourteenth Amendment claims because Plaintiff's rights were not clearly established. *Boyd* at
2 778. The Report and Recommendation should be adopted, and this matter should be dismissed with
3 prejudice.

### III. ORDER

Therefore, the Court does hereby find and **ORDER**:

    (1)    The Court **ADOPTS** the Report and Recommendation (Dkt. 91);

    (2)    Defendants' Motion for Summary Judgment (78) is **GRANTED**;

    (3)    Plaintiff's Motion to for a Continuance (Dkt. 92) is **DENIED**;

    (4)    This case is **DISMISSED**; and

    (5)    The Clerk of the Court is directed to send copies of this Order to Plaintiff, all counsel of record, and to the Hon. J. Kelley Arnold.

DATED this 16th day of April, 2008.

                          */s/ Robert J. Bryan*
                          ROBERT J. BRYAN
                          United States District Judge

ORDER - 5